IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:01CR190 |
| | ) | |
| v. | ) | |
| | ) | |
| PATRICK M. MCGUIRE, | ) | MEMORANDUM AND ORDER ON |
| | ) | DEFENDANT'S MOTION TO MODIFY |
| Defendant. | ) | RESTITUTION ORDER |
| | ) | |

On June 16, 2005, the defendant, Patrick M. McGuire, filed a pro se motion "to modify his restitution order . . . so as to defer payments until his release from prison." (Filing 41 at 1.) For the following reasons, I find that the defendant's motion must be denied.

**I.   BACKGROUND**

After the defendant pleaded guilty to a charge of bank robbery, I sentenced him to serve a term of imprisonment of 151 months, to be followed by three years of supervised release; to pay a special assessment in the amount of $100; and to pay restitution in the amount of $1000. (See Judgment, filing 39.) The Judgment includes the following instruction concerning the payment of restitution: "During the defendant's term of incarceration, the defendant will pay 25% of his prison earnings towards his outstanding criminal monetary penalty." (Id. at 5.)

Despite this instruction, it is undisputed that since the defendant began to work "in a UNICOR job program" at the correctional facility in which he is housed, 50% of his salary has been applied to his "financial debts." (Filing 45 at 2. See also filing 41 at 2 ("Petitioner claims that due to his recent employment in Unicor, the prison staff are forcing him to pay 50% of his monthly earnings, (25% more [than the amount] ordered by this court).").) The defendant claims that due to this increase in the proportion of his earnings that is applied to his debts, his family must take on a financial burden in order to supply him with stamps, "phone time," personal hygiene products, and the like. (See filing 41 ant 2.) He therefore seeks an order that allows him

1

"to make payments at his convenience until his release from prison," at which time he would "agree[] to adhere to a payment schedule." (Id.)

## II.   ANALYSIS

Preliminarily, I must determine whether I have jurisdiction to resolve the defendant's motion. "A petitioner may attack the execution of his sentence through [28 U.S.C.] § 2241 in the district where he is incarcerated; a challenge to the validity of the sentence itself must be brought under [28 U.S.C.] § 2255 in the district of the sentencing court." Matheny v. Morrison, 307 F.3d 709, 711 (8th Cir. 2002) (citations omitted). Thus, to the extent that the defendant claims that the Bureau of Prisons is violating the Judgment by increasing the percentage of earnings that he must pay toward restitution, his claim concerns the execution of his sentence and I am without jurisdiction to consider it. See id. at 711-12. However, if the defendant attacks the validity of the sentence itself by claiming, for example, that the sentence includes an unconstitutional delegation of power, his claim is brought properly in this court via § 2255. See id. at 711. But see United States v. Bernard, 351 F.3d 360, 361 (8th Cir. 2003) ("We join a majority of circuits in holding that a federal prisoner cannot challenge the restitution portion of his sentence using 28 U.S.C. § 2255, because this statute affords relief only to prisoners claiming a right to be released from custody."). The defendant raises three arguments in support of his motion to amend the restitution order. (See filing 41 at 1-2.) I shall briefly review each of these arguments to determine whether I might have jurisdiction to consider their merits.

First, the defendant argues that I have "improperly delegated the authority to the Bureau of Prisons in setting payment schedules in regards to fines and restitution." (Filing 41 at 1.) It seems to me that this argument amounts to an attack upon the validity of the sentence and, under Matheny, ought to be considered by the sentencing court. See Matheny v. Morrison, 307 F.3d 709, 711-12 (8th Cir. 2002).

Second, the defendant argues "that under the Federal Probation Act, [a] district court may impose restitution only as a condition of defendant[']s probation, and therefore, by implication, is not authorized to order immediate restitution while defendant is incarcerated." (Filing 41 at 1.) This too seems to be an attack upon the validity of the sentence, and is therefore properly brought

2

in this court.  See Matheny, 307 F.3d at 711-12.

>Finally, the defendant states,

>> The courts [sic] also ruled in [Government of the Virgin Islands v. Davis, 43 F.3d 41 (3d Cir. 1994),] that in determining imposition [sic] and amount of fine, Federal Courts must consider, inter alia, the income, financial resources, and earning capacity of defendant, as well as [the] burden that fine will impose on defendant and his dependants.  Petitioner claims that due to his recent employment in Unicor, the prison staff are forcing him to pay 50% of his monthly earnings, (25% more [than] that ordered by this court).  Being as his total pay is $70, this allows him only $35 a month for hygiene, stamps, phone time, [etc.,] . . . placing a burden on his family.

(Filing 41 at 2.)  I take it that the defendant means to suggest that the "prison staff" deviated impermissibly from the payment instructions set forth in the Judgment, and that since the new payments do not properly take into account the defendant's income, financial resources, or earning capacity, the defendant's family has been left with a heavy burden.[1]  It seems to me that this argument is not an attack upon the validity of the sentence, as the defendant does not suggest that I failed to consider his income, financial resources, and so forth, when I determined the amount of restitution and issued the payment instructions.  Rather, it appears that the defendant is attacking the actions of the "prison staff" who are executing his sentence.  This sort of claim ought to be raised in the district where the defendant is incarcerated, and therefore I cannot consider it.  See Matheny, 307 F.3d at 711-12.

>In sum, I find that pursuant to Matheny v. Morrison, 307 F.3d 709, 711-12 (8th Cir. 2002), the defendant's first two arguments are properly raised in this court via § 2255, but the third is not.

>As I noted previously, there is some doubt whether Matheny remains good law, as the Eighth Circuit has since determined that "the plain and unambiguous language" of § 2255 "precludes a restitution challenge."  United States v. Bernard, 351 F.3d 360, 361 (8th Cir. 2003). Nevertheless, it seems to me that I need not attempt to resolve the apparent conflict between Matheny and Bernard, for even if I assume that the defendant's two remaining claims are viable

---

[1] I note in passing that I do believe that the defendant means to allege that his new Unicor employment amounts to a "material change in . . . economic circumstances that might affect [his] ability to pay restitution."  18 U.S.C. § 3664(k).

3

under Matheny, it is clear that they fail on their merits.

Citing United States v. Mortimer, 94 F.3d 89 (2d Cir. 1996), the defendant argues first that I have "improperly delegated the authority to the Bureau of Prisons in setting payment schedules in regards to fines and restitution." (Filing 41 at 1.) In Mortimer, the district court sentenced the defendant to pay restitution pursuant to the following schedule:

> While in custody, the defendant shall participate in the Bureau of Prisons' Inmate Financial Responsibility Program and make restitution in accordance with the policies of that program. Upon his release from imprisonment, the defendant shall make restitution payments in accordance with the terms of supervised release (in installments of $100 per month.)

Mortimer, 94 F.3d at 89. On appeal, the Second Circuit held that "the district court's delegation of its authority to establish the installment amount and timing of [the defendant's] . . . restitution payments to the Federal Bureau of Prisons . . . was error that requires us to vacate his sentence and remand for resentencing." Id. at 91 (quoting United States v. Miller, 77 F.3d 71, 77 (4th Cir. 1996)). Here, in contrast, I did not delegate authority to the Bureau of Prisons to set an installment amount. Instead, I stated quite specifically that "[d]uring the defendant's term of incarceration, the defendant will pay 25% of his prison earnings towards his outstanding criminal monetary penalty." (Judgment, filing 39, at 5.) It is true that the Bureau of Prisons appears not to be following this instruction; however, as I have explained above, a challenge based upon the Bureau's execution of the sentence is one that must be brought in the district where the defendant is incarcerated. See Matheny v. Morrison, 307 F.3d 709, 711-12 (8th Cir. 2002). In short, I find that Mortimer is inapposite, there has been no delegation of sentencing authority to the Bureau of Prisons, and the defendant's first argument must be rejected.

The defendant's second argument is based upon the notion that "under the Federal Probation Act, [a] district court may impose restitution only as a condition of probation." (Filing 41 at 1 (citing United States v. Angelica, 859 F.2d 1390 (9th Cir. 1988) (Angelica I); United States v. Angelica, 951 F.2d 1007 (9th Cir. 1991) (Angelica II)).) It may well be true that the Federal Probation Act (FPA), 18 U.S.C. 3651, which has since been repealed, "authorize[d] a district court to impose restitution only as a condition of the defendant's probation." Angelica I, 859 F.2d at 1392. However, district courts may order restitution pursuant to authorities apart

4

from the FPA.  See, e.g., 18 U.S.C. § 3663; Mandatory Victims Restitution Act of 1996, 18 U.S.C. § 3663A-3664.  I am not convinced that I lacked the authority to order the defendant to pay restitution during his incarceration.

**IT IS ORDERED** that the defendant's "Motion to Modify Restitution Order," filing 41, is denied.

Dated August 9, 2005.

BY THE COURT

s/ Warren K. Urbom
United States Senior District Judge

5